**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JUDSON OOT,**

                **Plaintiff,**              **5:11-cv-342
                                                                   (GLS)**

        v.

**MICHAEL J. ASTRUE,** Commissioner of
Social Security,

                **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Olinksy Law Group | KAREN S. SOUTHWICK, ESQ. |
| 300 S. State Street | |
| 5th Floor, Suite 520 | |
| Syracuse, NY 13202 | |
| | |
| **FOR THE DEFENDANT:** | |
| HON. RICHARD S. HARTUNIAN | SANDRA M. GROSSFELD |
| United States Attorney | Special Assistant U.S. Attorney |
| 100 South Clinton Street | |
| Syracuse, NY 13261 | |
| | |
| Mary Ann Sloan | |
| Regional Chief Counsel | |
| Social Security Administration | |
| Office of General Counsel, Region II | |
| 26 Federal Plaza, Room 3904 | |
| New York, NY 10278 | |

**Gary L. Sharpe
Chief Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff Judson Oot challenges the Commissioner of Social Security's denial of Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) and seeks judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3).  (*See* Compl., Dkt. No. 1.)  After reviewing the administrative record and carefully considering Oot's arguments, the court affirms the Commissioner's decision and dismisses the Complaint.

## II. Background

On August 20, 2007, Oot filed an application for DIB and SSI under the Social Security Act ("the Act"), alleging disability since May 18, 2008. (*See* Tr.[1] at 13.)  After his application was denied, Oot requested a hearing before an Administrative Law Judge (ALJ), which was held on September 15, 2009.  (*See id.* at 13, 27-67.)  On November 24, 2009, the ALJ issued a decision denying the requested benefits, which became the Commissioner's final determination upon the Social Security Administration Appeals Council's denial of review.  (*See id.* at 1-3, 10-23.)

---

[1] Page references preceded by "Tr." are to the Administrative Transcript.  (*See* Dkt. No. 8.)

Oot commenced the present action by filing a complaint on March 28, 2011 wherein he sought review of the Commissioner's determination. (*See* Compl. ¶¶ 1-7.) The Commissioner filed an answer and a certified copy of the administrative transcript. (*See* Dkt. Nos. 7, 8.) Each party, seeking judgment on the pleadings, filed a brief. (*See* Dkt. Nos. 10, 15.)

### III. Contentions

Oot contends the Commissioner's decision is not supported by substantial evidence. Specifically, Oot claims the ALJ: (1) failed to evaluate or discuss his memory loss, visual dysfunction and impaired hand dexterity; (2) erred in determining his Residual Function Capacity (RFC); (3) did not apply the appropriate legal standards in evaluating his credibility; and (4) improperly relied upon the testimony of a vocational expert. (*See* Dkt. No. 10 at 1, 17-25.) The Commissioner counters that substantial evidence supports the ALJ's decision. (*See generally* Dkt. No. 15.)

### IV. Facts

The evidence in this case is undisputed and the court adopts the parties' factual recitations. (*See* Dkt. No. 10 at 2-15; Dkt. No. 15 at 1-4.)

### V. Standard of Review

3

The standard for reviewing the Commissioner's final decision under 42 U.S.C. § 405(g) is well established and will not be repeated here. For a full discussion of the standard and the five-step process used by the Commissioner in evaluating whether a claimant is disabled under the Act, the court refers the parties to its previous opinion in *Christiana v. Comm'r of Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-2 (N.D.N.Y. Mar. 19, 2008).

## VI.  Discussion

### A.  Step Two Evaluation

Oot first contends that the ALJ erred at step two when he failed to "evaluate or discuss Oot's memory loss, visual dysfunction, [and] impaired hand dexterity." (Dkt. No. 10 at 17.)  The Commissioner counters that these are not separate impairments, and are merely signs and symptoms of Oot's traumatic brain injury. (*See* Dkt. No. 15 at 11.)  The court agrees with the Commissioner.

Individual signs and symptoms are not in and of themselves distinct impairments as the former are used to establish the latter. *See* 20 C.F.R. §§ 404.1508, 416.908.  Stated another way, "symptoms" refer to the claimant's description of his "physical or mental impairment," and "[s]igns

4

are anatomical, physiological, or psychological abnormalities which can be observed, apart from [the claimant's] statements (symptoms)." 20 C.F.R. §§ 404.1528(a)-(b), 416.928(a)-(b).

Here, Dr. Berton Shayevitz, whose opinion the ALJ accorded "great weight," diagnosed Oot with a "[t]raumatic brain injury *with* some partial double vision, slowing of cognitive processes, diminished recent memory and . . . some loss of function in the non-dominant right arm and shoulder." (Tr. at 20-21, 244) (emphasis added).  Likewise, Dr. Bartoszek and Nurse Trela, whom Oot cites in support of his argument, (*see* Dkt. No. 10 at 18), also noted only two conditions: (1) a traumatic brain injury; and (2) post-concussion syndrome.  (*See* Tr. at 282.)  Despite his unsubstantiated assertion that memory loss, visual dysfunction and impaired hand dexterity are "impairments," (*see* Dkt. No. 10 at 18-19), Oot failed to cite any law which demonstrates that signs and symptoms should be considered separately from the impairment that caused them.  Moreover, Oot did not raise any errors with respect to the ALJ's assessment of his eligibility for a listing level impairment.  (*See generally* Dkt. No. 10; Tr. at 15-17.)

Because substantial evidence[2] supports the ALJ's finding that Oot's impairment was, *inter alia*, a traumatic brain injury, the signs and symptoms of which were memory loss, visual dysfunction and impaired hand dexterity, the court affirms the ALJ's step two finding.[3]  (*See*  Tr. at 15, 244); 20 C.F.R. §§ 404.1528(a)-(b), 416.928(a)-(b).

## B.    RFC Assessment and Opinion Evidence

Oot avers that the ALJ's failure to include a function-by-function analysis and improper weighing of opinion evidence require remand.  (*See* Dkt. No. 10 at 19-23.)  Conversely, the Commissioner argues, and the court agrees, that the ALJ's decision was free of legal error and supported by substantial evidence.  (*See* Dkt. No. 15 at 14-20.)

As an initial matter, Oot's claim with respect to the ALJ's function-by-function analysis is meritless.  Here, the ALJ's discussion of Oot's activities of daily living and the additional restrictions he imposed on Oot's ability to

---

[2] "Substantial evidence is defined as more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept to support a conclusion."  *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990) (internal quotations omitted).

[3] Even if the memory loss, visual dysfunction, and impaired hand dexterity were distinct impairments, Oot's argument that the ALJ failed to "evaluate or discuss" them is belied by the record.  (Dkt. No. 10 at 17.)  Though contained in his RFC assessment, the ALJ explicitly mentioned these alleged impairments in his discussion of the opinions of Drs. Shayevitz and Shapiro.  (*See* Tr. at 20-21.)

perform light work are sufficient to demonstrate the requisite function-by-function analysis.  (*See* Tr. at 17-21.)  While Oot may take exception with the format the ALJ employed, his argument, and citation to cases in which the RFC assessment was deemed "conclusory," is unwarranted in this case.  (*See* Dkt. No. 10 at 20 n.3.)  Nevertheless, as discussed below, the ALJ's ultimate RFC assessment is supported by substantial evidence and is therefore affirmed.

A claimant's RFC "is the most [he] can still do despite [his] limitations."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  In assessing a claimant's RFC, an ALJ must consider "all of the relevant medical and other evidence," including a claimant's subjective complaints of pain.  *Id.* §§ 404.1545(a)(3), 416.945(a)(3).  An ALJ's RFC determination must be supported by substantial evidence in the record.  *See* 42 U.S.C. § 405(g). If it is, that determination is conclusive and must be affirmed upon judicial review.  *See id.; Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996).

Here, the ALJ found that Oot could "perform light work . . . except never crawl or climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, and climb ramps and stairs; avoid concentrated exposure to hazards; and is limited to unskilled work."  (Tr. at 17); *see* 20

7

C.F.R. §§ 404.1567(b), 416.967(b) (defining light work).  In so finding, the ALJ noted that Oot testified that he is able to do the all of the following: feed and play with his dog, watch television, use the internet, play video games, ride his lawnmower, clean his home, and work with his brother on restoring a motorcycle.  (*See* Tr. at 47-49.)  Additionally, Oot stated he was able to cook; dress, groom and bathe himself; lift twenty-five to thirty pounds; walk and stand for approximately two hours at a time; sit for an entire eight-hour work day; and, but for his suspended license, go grocery shopping.  (*See id.* at 49-50, 53-54.)  Although this testimony is sufficient to satisfy the substantial evidence standard, *see Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990), the ALJ's conclusion is further bolstered by the objective medical evidence in this case.

Here, "great weight" was assigned to the opinions of Drs. Donnelly, Bartoszek, Shayevitz and Shapiro, each of whom offered opinions that were consistent with, or less restrictive than, the ALJ's RFC assessment. (*See, e.g.*, Tr. at 20-21, 231, 245, 247-49, 281.)  In spite of this evidence, Oot claims that the ALJ erred when he assigned little weight to the

opinions of Dr. Arena and Nurse Trela.[4]  (*See* Dkt. No. 10 at 20-23.) However, both Dr. Arena and Nurse Trela completed "[f]ill in the blank medical source statements," which are "marginally useful for purposes of creating a meaningful and reviewable factual record." *Halloran v. Barnhart*, 362 F.3d 28, 31 n.2 (2d Cir. 2004); *see also Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir. 1993) ("Form reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best.")  Indeed, the ALJ aptly noted that Arena and Trela's form reports "primarily relied" on Oot's subjective statements, as opposed to objective medical evidence. (*See* Tr. at 20.)  Given that these opinions were inconsistent with the record as a whole, the ALJ was correct in according them little weight.  *See Halloran*, 362 F.3d at 32.

In sum, both the objective medical evidence and Oot's testimony are consistent with the ALJ's RFC assessment.  (*See* Tr. at 17-21); *see Alston*, 904 F.2d at 126;  *Perez*, 77 F.3d at 46.  Accordingly, the ALJ's RFC assessment is affirmed.

---

[4] Because Nurse Trela is not an "acceptable medical source," his opinion is not "entitled to the same degree of deference afforded to such treatment source opinions." *Crysler v. Astrue*, 563 F. Supp. 2d 418, 434 (N.D.N.Y. 2008) (citing 20 C.F.R. §§ 404.1513(a), (d), 416.913(a), (d)).

9

### C.  Credibility Assessment

Oot next claims that the ALJ applied an improper legal standard when he found Oot incredible. (*See* Dkt. No. 10 at 23-24.) Again, the court disagrees, as a review of the ALJ's opinion demonstrates that he clearly set forth the reasoning for his credibility assessment. (*See* Tr. at 18-19.) In fact, the ALJ found the majority of Oot's testimony was credible, and only discounted the portion which was inconsistent with the objective medical evidence. (*See id.*) Because the ALJ properly weighed "the objective medical evidence in the record, [Oot's] demeanor, and other indicia of credibility," *Lewis v. Apfel*, 62 F. Supp. 2d 648, 651 (N.D.N.Y. 1999) (internal quotation marks and citation omitted), his decision to reject Oot's "statements concerning the intensity, persistence and limiting effects of [his] symptoms" is both sufficiently specific, and more importantly, "supported by substantial evidence." (*Id.* at 19.) As such, the ALJ's credibility findings are conclusive.

### D.  Vocational Expert

Oot's final argument—that the vocational expert's testimony was unreliable because it was based on an "incomplete hypothetical question"—relies entirely on his claim that the ALJ's assessment at steps

10

two and three were incomplete. (*See* Dkt. No. 10 at 24-25.) However, as the court has already found otherwise, it suffices to say that Oot's argument is untenable. As such, the ALJ's use of a vocational expert was appropriate, as the hypothetical posed was supported by the record. (*See* Tr. at 21, 63-66.)

### E.   Remaining Findings and Conclusions

After careful review of the record, the court affirms the remainder of the ALJ's decision as it is supported by substantial evidence.

## VII.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and Oot's Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

April 24, 2012
Albany, New York

_____
Gary L. Sharpe
Chief Judge
U.S. District Court